PEOPLE, PLAINTIFF AND APPELLEE, *v.* TORRES, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in a Prosecution for Violation of Section 162 of the Penal Code.

No. 1739.—Decided May 20, 1921.

APPEAL—DISCRETION OF COURT.—The Supreme Court can not give any consideration to the mere allegation that the district court was influenced by passion and prejudice against the defendant when neither the record nor the appellant's brief shows that there was any proof of such allegation.

ID.—ID.—WITNESSES.—Although the appellant may have proved that the three witnesses called by the district attorney were politicians; that they had been called as witnesses by the Government in other similar prosecutions, and that one of them was a professional gambler, these facts do not appear from the record and it would not be an abuse of discretion on the part of the court to believe such witnesses.

The facts are stated in the opinion.

*Mr. R. Martínez Nadal* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Encarnación Torres Santiago was convicted of having violated section 162 of the Penal Code by having caused himself to be registered in the registry of voters of the municipality of Santa Isabel knowing himself not to be entitled to such registration because he was not a lawful resident, that is, because he had resided there for less than one year prior to the 2nd of November, 1920, on which day a general election would be held in the Island. He appealed from the judgment and alleges as the sole ground for its reversal and

for his discharge that the lower court acted in this case with passion and prejudice against him and abused its discretion in adjusting the conflict in the evidence, the reason given being that the evidence for the prosecution consisted of the testimony of the three permanent political witnesses of the District Attorney of Guayama, whose testimony is inaccurate, false and preconceived, one of them being a professional gambler, while the testimony of the witness called by the appellant is honest, logical and detailed regarding the life and residence of the defendant.

There is nothing in the brief of the appellant to support the charge that the trial court acted in this case with passion and prejudice against the appellant, and there is absolutely nothing in the record referring to that matter.

The allegation that the lower court abused its discretion in adjusting the conflict in the evidence can not be sustained, for even if it had been proved that the three witnesses called by the district attorney are politicians and were used by him as witnesses in other prosecutions, which does not appear from the record, and also that one of them is a professional gambler, which also does not appear, but only that having gone to the ward of Descalabrado of Santa Isabel to look for some cocks he stayed there a month and gambled; if all this had been proved, we repeat, it would not have been an abuse of discretion on the part of the court to believe these witnesses. Furthermore, the evidence was contradictory, as the appellant admits, as to the time during which the defendant had resided in Santa Isabel with reference to the day of the general election, for while the witnesses for the prosecution testified that the appellant did not change his residence from Villalba to Descalabrado, Santa Isabel, until the month of February, thus having resided only nine months in the latter place on the day of the election, the witness for the appellant testified that he had changed his residence

eighteen months or two years before the election.   It was incumbent upon the trial court to adjust this conflict and from the examination which we have made of the evidence we can not find that there was an abuse of discretion in doing so.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.